IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 5:13-cr-40060-DDC |
| ALBERT DEWAYNE BANKS et al. | |
| Defendant. | |

## MEMORANDUM AND ORDER

Defendants Taylor, Ponds, and Makdins have filed motions to suppress wiretap evidence, and other defendants have joined their motion.  (Docs. 352, 362, 376).  Defendants argue, among other things, that the Court must suppress the wiretap evidence because the government failed to seal the wiretap recordings immediately after each wiretap order expired, as required by K.S.A. § 22-2516(7)(A) and 18 U.S.C. § 2518(8)(a).  Their motion presents the question whether the government has met its duty to show that it sealed the wiretap recordings in the fashion required by K.S.A. § 22-2516(7)(A) and 18 U.S.C. § 2518(8)(a).  For the reasons set forth below, the Court denies defendants' motions to suppress the wiretap evidence on this basis.

## Background

Investigators obtained wiretap orders in the final months of a thirteen-month investigation into a suspected narcotics-trafficking conspiracy.  The investigation was a joint effort by the Kansas Bureau of Investigation, the Junction City Police Department, the Geary County Sherriff's office, and the Riley County Police Department.  Beginning in March of 2013, applications for wiretap orders were submitted to Judge Platt, a District Court Judge for Kansas'

Eighth Judicial District.  Judge Platt issued eight wiretap orders under the authorization granted to him by the Kansas wiretap statute, K.S.A. § 22-2514 *et seq*.  The dates of issuance and expiration of each order is set forth below:

- Thompson Order #1 (1783) – issued March 5; expired April 4.[1]

- Banks Order #1 (6704) – issued March 5; expired April 4.[2]

- Ivory Order #1 (7176) – issued April 2; expired May 2.[3]

- Ponds Order #1 (0088) – issued April 2; expired May 2.[4]

- Thompson Order #2 (1783) – issued April 4; expired May 4.[5]

- Ivory Order #2 (7015) – issued April 12; expired May 12.[6]

- Banks Order #2 (9771) – issued April 12; expired May 12.[7]

- Thompson Order #3 (2893) – issued April 16; expired May 16.[8]

The earliest orders expired on April 4th.  The latest order expired on May 16th. It is undisputed that the government presented the tapes to Judge Platt for sealing on June 3rd.

---

[1] Doc. 379-1.

[2] Doc. 379-2.

[3] Doc. 379-3.

[4] Doc. 379-5.

[5] Doc. 379-7.

[6] Doc. 379-11.

[7] Doc. 379-13.

[8] Doc. 379-15.

## Analysis

### A.  Governing Law

"Title III of the Omnibus Crime Control and Safe Streets Act, codified in 18 U.S.C. § 2510 *et seq*., which preempts the field of electronic surveillance regulation, allows for concurrent state regulation, subject, at the minimum, to the federal regulatory requirements." *State v. Willis,* 643 P.2d 1112, 1114 (Kan. Ct. App. 1982).  "Although a state may adopt a wiretap statue with standards more stringent than the federal requirements, a state may not adopt more permissive standards." *Id.* "Accordingly, where there are at issue provisions of a state wiretap statute which conform to their counterparts in the federal act, federal case authority has precedential value at least equivalent to state case authority, if any.  Hence, federal case law in this area is generally, if not universally, treated as controlling authority." *Id.*  It does not appear that any Kansas appellate court has interpreted the sealing requirement of K.S.A. § 22-2516(7)(A).  In contrast, many federal court decisions interpret and apply K.S.A. § 22-2516(7)(A)'s Title III counterpart, 18 U.S.C. § 2518(8)(a).  Accordingly, the Court looks to federal case law to evaluate whether the government has complied with the sealing requirement of K.S.A. § 22-2516(7)(A).[9]  *Willis,* 643 P.2d at 1114.

### B.  Immediate Sealing Requirement Under K.S.A. § 22-2516(7)(A) and 18 U.S.C. § 2518(8)(a).

K.S.A. § 22-2516(7)(A) requires that," [i]mmediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under such judge's directions."  This provision has an almost identically worded Title III counterpart.  *See* 18 U.S.C. § 2518(8)(a).  Both statutes include a built-in

---

[9] The Court views K.S.A. § 22-2516(7)(A) and 18 U.S.C. § 2518(8)(a) as coequals when it comes to the sealing requirement.  For the sake of convenience, the Court will refer to the Kansas law since the orders were issued under it, and satisfying the Kansas statute also satisfies Title III's sealing requirement.

suppression remedy for failing to comply with the sealing requirement.  *Id.*; K.S.A. § 22-2516(7)(A) ("The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral or electronic communication or evidence derived therefrom ....").

The purpose of the sealing requirement is to ensure the reliability and integrity of wiretap evidence.  To this end, the Supreme Court has held that the requirement may be satisfied in one of two ways:  "either the recording must have been properly placed under seal, or the government must provide a 'satisfactory explanation' for its failure to comply with the sealing requirement."  *United States v. Ojeda Rios*, 495 U.S. 257, 263 (1990).  The "'absence' the government must satisfactorily explain encompasses not only the total absence of a seal but also the absence of a timely applied seal."  *Id.*  Here, the government waited between eighteen[10] and sixty days[11] to seal the recordings.  Delays of this length fail to satisfy the immediacy requirement.  The admissibility of the wiretap evidence therefore turns on whether the government has offered a "satisfactory explanation" for its failure to obtain an immediate seal.

**C.  The Government's "Satisfactory Explanation"**

The parties agree that two delays require explanation:  (1) the delay between the expiration of the earlier wiretap orders and the expiration of *all* wiretap orders; and (2) the eighteen-day delay after the expiration of the last wiretap order.  The next two sections address these delays, in turn.

---

[10] The shortest delay was the eighteen-day delay in sealing Thompson Order #3.  The order expired on May 16th and the recordings were not sealed until June 3rd.

[11] The longest delays were the sixty-day delays in sealing Thompson Order #1 and Banks Order #1.  Those orders expired on April 4th and the recordings were not sealed until June 3rd.

i.   <u>The First Delay</u>

Addressing the first delay, the government explained that the practice of the KBI is to record all of a given suspect's phone calls onto a single tape drive.  The KBI did not pull and seal the tapes immediately after the conclusion of each wiretap order because, for each suspect, recording pursuant to subsequent orders continued on the same tape.  For example, when one of the Banks orders expired, and the KBI obtained a subsequent Banks order, agents continued recording the Banks intercepts on the same tape drive.  The testimony of Special Agent Virden and Judge Platt revealed that they, along with Geary County Attorney Steve Opat, discussed this procedure.  Judge Platt agreed that this was an appropriate logistical arrangement.

The Court concludes that the government's explanation for this first delay is satisfactory—not as an explanation for noncompliance with Section 2518(8)(a), but as a correct understanding of the law.  "Section 2518(8)(a) states that tapes must be sealed 'immediately upon the expiration of the period of the order, or extensions thereof.'"  *United States v. Carson*, 969 F.2d 1480, 1487 (3d Cir. 1992) (quoting 18 U.S.C. § 2518(8)(a)).  "The most reasonable construction of this statute is that a second order need not be entered before the expiration of the first in order to qualify as an extension so long as the subject, location and criminal subject matter of both surveillances is the same."  *Carson*, 969 F.2d at 1487-88.  The Court finds that each subsequent wiretap order for a given suspect qualified as an "extension" of the original order.  Thus, the sealing requirement was not triggered until the final wiretap order had expired for that suspect.

ii.    <u>The Second Delay</u>

But even after the last wiretap order expired, the government waited eighteen,[12] twenty two,[13] and thirty two days[14] to seal the recordings.  Because these delays violate the immediacy requirement, the government must come forward with a satisfactory explanation.  The government has explained that it sealed the recordings in accordance with a schedule agreed upon during consultations between Special Agent Virden, County Attorney Steve Opat, and Judge Platt.  Following the final wiretap order's expiration, Special Agent Virden contacted Judge Platt to discuss the procedure for sealing the tapes.  Judge Platt indicated that his schedule would accommodate a delivery of the tapes on June 3, 2013.

Special Agent Virden believed that he had discharged his duty to seal the wiretap tapes immediately by alerting Judge Platt to the need to seal the recordings and arranging for them to be sealed on June 3rd, the date when Judge Platt was available.  As it turned out, Special Agent Virden and Judge Platt's understanding of the law was incorrect.  As defendants rightly point out, the delay was too long to satisfy the immediacy requirement imposed by K.S.A. § 22-2516(7)(A).  But the government's mistake of the law does not automatically render the wiretap evidence inadmissible.  Rather, a mistake of law may qualify as a satisfactory excuse so long as the mistake of law was "objectively reasonable" at the time of delay.  *United States v. Ojeda Rios*, 495 U.S. 257, 266 (1990).

The Third Circuit's decision in *United States v. Carson* involved circumstances analogous to this case.  969 F.2d 1480 (3d Cir. 1992)  In *Carson*, the government sought to

---

[12] Between the expiration of the only Ponds Order and sealing (May 2 – June 3)

[13] Between the expiration of Ivory Order #2, Banks Order #2 and sealing (May 12 – June 3)

[14] Between the expiration of Thompson #3 Order and sealing (May 16 – June 3).

excuse its failure to seal the wiretap recordings immediately because a junior prosecutor innocently misunderstood the instructions of his supervisor about when the tapes had to be sealed.  *Id.* at 1494.  The junior prosecutor understood his supervisor's instruction to seal the tapes at the "end of the interception process" to mean the conclusion of the entire "investigation," rather than when each individual order expired.  *Id.* at 1495.  For this sort of misunderstanding to qualify as "objectively reasonable," the Third Circuit held, the junior prosecutor must have acted as a "reasonably prudent" attorney when he investigated the "legal question involved."  *Id.* at 1494.  The circuit court held that it was for the district court to determine whether the attorney's reliance on his supervisor's instructions was reasonable in light of the surrounding circumstances.  *Id.* at 1495.

The Court finds *Carson*'s analysis applicable and persuasive here.  Applying the test to this case, the Court asks whether, in light of the surrounding circumstances, Special Agent Virden acted as a "reasonably prudent" law enforcement officer when he relied on Judge Platt's instructions about sealing the wiretap recordings.  The Court finds that he did.  Special Agent Virden remained mindful of the sealing requirement, and sought instruction from Judge Platt about how to comply with it.  When the orders expired, Special Agent Virden contacted Judge Platt to discuss sealing the recordings.  Judge Platt announced that his schedule would accommodate delivery on June 3, 2013.  While it is possible that Special Agent Virden could have conducted or requested independent legal research on the sealing requirement, his failure to do so was not "unreasonable."  In light of the discrepancy in legal training between Judge Platt and Special Agent Virden, and in light of Judge Platt's status as a judge, the Court finds that Special Agent Virden acted reasonably in relying on Judge Platt's instructions about complying with the sealing requirement.

The balance of factors considered by the Tenth Circuit in *United States v. Cline* also favors a finding that the government's excuse is satisfactory.  349 F.3d 1276 (10th Cir. 2003).  In *Cline*, the Tenth Circuit held that the government's excuse was satisfactory where there was "no evidence of bad faith and no indication that the recordings were tampered with or that there was any tactical advantage" gained by the government because of the delay.  *Id.* at 1284.  Here, Special Agent Virden acted in good faith and reasonably when he made arrangements with Judge Platt about complying with the sealing requirement; there was no intentional disregard of the sealing requirement; there was no risk of tampering with the recordings; and no defendant has sustained any prejudice from the delay.

<u>**Conclusion**</u>

The government's efforts are hardly a model of exemplary compliance with the sealing requirements of K.S.A. § 22-2516(7)(A) and 18 U.S.C. § 2518(8)(a).  Nonetheless, the investigator's mistakes of law resulted from good faith, reasonable reliance on the instructions of the judge issuing the wiretap order.  Accordingly, the Court finds that the government has met its burden to provide a "satisfactory excuse" for its delay in sealing the wiretap recordings.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Defendants Taylor and Makdins' Motions to Suppress Wiretap Evidence (Doc. 352, 376) are denied.  The portion of defendant Ponds' Motion to Suppress Wiretap Evidence (Doc. 362) that seeks suppression of wiretap evidence based on failure to seal wiretap recordings immediately is also denied.  The remaining defendants' motions are denied to the extent that they joined or relied on the argument that failure to seal immediately warrants suppression.

**IT IS SO ORDERED.**

**Dated this 29th day of August, 2014, at Topeka, Kansas.**


**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**